# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROBERT LUCERO, V, | 1:18-cv-01448-LJO-SAB |
| **Plaintiff,** | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| ANTHONY ROBERT PENNELLA, *et al.*, | **(ECF No. 5)** |
| **Defendants.** | |

## I. INTRODUCTION

On October 19, 2018, Plaintiff Manuel Robert Lucero, V, filed the instant motion for a preliminary injunction and temporary restraining order ("TRO"). ECF No. 5. Plaintiff indicates in his Complaint, also filed October 19, that he is subject to a term of probation imposed by the Worcester County Superior Court in Massachusetts, but that, after his release from incarceration in February 2018, his probation was formally transferred to his home state of California. ECF No 1 ¶¶ 15-18. Plaintiff alleges that California officials named as Defendants have been imposing and continue to impose unlawful conditions of probation upon him in violation of his constitutional rights. *See generally* ECF No. 1. The instant motion seeks to preclude on a preliminary basis these officials from imposing conditions not specifically ordered by the sentencing court. ECF No. 5. The Court addresses only the motion for a TRO at this time. Should the Complaint survive the screening process – a process

applicable to all complaints brought by individuals appearing *in forma pauperis* – plaintiff may re-notice his motion for a preliminary injunction at that time.

## II. DISCUSSION

### A. Temporary Restraining Order Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *R.F. by Frankel v. Delano Union Sch. Dist.*, 224 F. Supp. 3d 979, 987 (E.D. Cal. 2016). Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id*.

Local Rule 231 governs the filing of requests for TROs in this District. Local Rule 231(b) provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

At present, there is an insufficient showing in the TRO request to explain why the Court should treat Plaintiffs' motion as an emergency. His issues with the conditions imposed upon him in California date back to the Spring of 2018. Plaintiff indicates that on April 13, 2018, he "sent letters to Defendants, detailing what his issues pertained to." ECF No. 1 at ¶ 45. Although Plaintiff alleges his constitutional harms are ongoing, this is not on its own a basis for emergency injunctive relief. Plaintiff has known for many months of the conduct about which he complains. This Court is among the busiest in the United

States. It simply cannot (and is not permitted to under the law) treat complaints of this nature as emergencies.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a temporary restraining order **is DENIED**. f appropriate, Plaintiff may re-notice his motion for a preliminary injunction if his Complaint survives screening and proceeds to service.

IT IS SO ORDERED.

Dated: **October 23, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE