# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROBERT LUCERO,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY ROBERT PENNELLA, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01448-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 8) |

**I.**

**BACKGROUND**

Manuel Robert Lucero ("Plaintiff"), proceeding pro se, filed a complaint on October 19, 2018. (ECF No. 1.) On October 19, 2018, Plaintiff filed a motion for the appointment of the U.S. Marshal Service for the service of pleadings, and a motion for issuance of CM/ECF login credentials. (ECF Nos. 3, 4.) On October 22, 2018, the Court granted Plaintiff's motion for appointment of the U.S. Marshal for service of pleadings, however the order specified that that the Court will only direct service of process after Plaintiff's complaint has been screened and found to state a cognizable claim for relief. (ECF No. 6.) Additionally, the Court denied Plaintiff's motion for permission to file documents in this matter through the CM/ECF system. (Id.)

On October 29, 2018, Plaintiff filed a motion to amend order, requesting the Court to

reconsider the Court's order issued October 22, 2018. (ECF No. 8.) First, Plaintiff's motion requests that the court not delay service of process by the U.S. Marshall pending screening of the complaint, arguing that the "Court does not screen civil actions brought by Plaintiffs whom are not incarcerated prisoners or incarcerated pretrial/civil detainees. Plaintiff is NOT a prisoner within the meaning of 28 U.S.C. § 1915A. Thus, service should be effectuated as soon as practicable." (Id.) Second, Plaintiff's motion requests the Court to reconsider issuing Plaintiff CM/ECF login credentials due to the fact that Plaintiff is registered for electronic filing in other federal courts, has maintained good standing, and that it would be more convenient and cost-effective to utilize electronic filing. (Id.)

## II.

## LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## III.

## DISCUSSION

### A. Screening Requirement

Plaintiff argues that the Court does not screen complaints filed by non-prisoners. (ECF No. 8.) Here, Plaintiff has not put forth "newly discovered evidence," has not shown that the Court "committed clear error," nor shown "an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)

(internal quotations marks and citations omitted).

Contrary to Plaintiff's contention, the screening conducted under 28 U.S.C. § 1915(e) is not limited to complaints filed by incarcerated individuals, but applies to all complainants proceeding in forma pauperis, regardless of their status. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). Under § 1915(e), the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Court exercises its discretion to screen Plaintiff's complaint in this action to determine if it should be dismissed under § 1915(e). See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court will direct service of process only after Plaintiff's complaint has been screened and found to state a cognizable claim for relief. This screening is appropriate even though Plaintiff is not currently an incarcerated prisoner. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Therefore, Plaintiff's motion for reconsideration shall be denied.

**B.    Motion for CM/ECF Login**

Pursuant to the Local Rules, a pro se party shall file and serve paper documents as required by the Rule. L.R. 133(a). A party appearing pro se may request an exception to the paper filing requirement from the court by filing a stipulation of the parties or by motion. L.R. 133(b)(2), (3). The Court previously found that this this action does not warrant an exception to the Local Rule and Plaintiff's motion for permission to file through CM/ECF was denied. (EFC No. 6.) Plaintiff's instant motion argues that the Court should reconsider issuing a CM/ECF login credentials due to the fact that Plaintiff is registered for electronic filing in other federal courts, has maintained good standing, and it would be more convenient and cost-effective for

1 | both Plaintiff and the Court.  (ECF No. 8.)

2 | Plaintiff has not put forth "newly discovered evidence," has not shown that the Court "committed clear error," nor shown "an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  Plaintiff's original motion requesting CM/ECF credentials already presented the Court with the fact that he is registered and maintains good standing in other federal courts.  See L.R. 230(j) (requiring a showing of "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.").  Additionally, convenience of electronic filing is a factor that could have been presented in the original motion, and is not a factor that the Court is inclined to view as something that would override the default posture of the Local Rules requiring pro se parties to file and serve paper documents.  Therefore, Plaintiff's motion for reconsideration shall be denied.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated: __**November 1, 2018**__

UNITED STATES MAGISTRATE JUDGE