# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROBERT LUCERO,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTHONY ROBERT PENNELLA, et al.,<br><br>   Defendants. | Case No. 1:18-cv-01448-LJO-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 41) |

Manuel Robert Lucero ("Plainitff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 21, 2018, the order setting the mandatory scheduling conference issued in this action. (ECF No. 17-1.) Pursuant to the order, the parties were ordered to prepare a joint scheduling report and all parties were to attend the scheduling conference on October 15, 2019. (Id. at 2-3; ECF No. 38.) As Plaintiff is not represented by counsel his personal appearance was required at the October 15, 2019 scheduling conference.

Defendants filed a scheduling report on October 8, 2019, indicating that despite their attempts to contact Plaintiff, Plaintiff did not respond and did not participate in the preparation of the scheduling report. (ECF No. 39.) Additionally, Plaintiff did not appear for the October 15, 2019 mandatory scheduling conference. (ECF No. 40.) On October 16, 2019, the Court issued an order requiring Plaintiff to show cause why sanctions should not be imposed for the failure to

comply with the November 21, 2018 order requiring him to participate in the preparation of the joint scheduling report and for failing to personally appear at the mandatory scheduling conference. (ECF No. 41.)

On November 7, 2019, Plaintiff's response to the order to show cause was filed with the Court. (Pl.'s Resp. Order Show Cause ("Resp."), ECF No. 43.) Plaintiff appears to acknowledge his failure to participate with the scheduling report and conference was a "fairly egregious omission[]," and inhibited the judicial process. (Resp. at 1.) Plaintiff describes various events that led to his inability to participate in the scheduling conference. In March of 2019, Plaintiff indicates he was provided a travel permit by a DAPO agent to allow him to visit his father in Arizona. (Resp. 2.) Shortly after arriving in Arizona, DAPO agents "burst into" Plaintiff's house in Hanford, California, notifying his mother and grandmother that Plaintiff had absconded and illegally had his GPS removed. (Id.) Plaintiff then recounts a history of events involving DAPO agents and warrants, and states that "[f]earing the circumstances and what would occur upon my return to California, I remained in Arizona whilst attempting to negotiate a surrender to Massachusetts through an attorney." (Id.) In July of 2019, while communicating with the Yavapai County Sheriff's office, Plaintiff was informed of a fugitive warrant and submitted to custody voluntarily. (Resp. 3.)

Plaintiff emphasizes that since entering custody in Arizona, he has attempted to receive filings and communicate with this Court through third parties. (Id.) Plaintiff states that he is currently detained in the Yavapai County Detention Center, and that despite nearly 120 days passing, Massachusetts has not attempted to have him extradited despite Plaintiff signing a waiver of extradition upon arrest. (Resp. 3.) Plaintiff states Defendants' representation that Plaintiff is in the custody of Massachusetts is thus a "peculiar falsity." (Resp. 3.) Plaintiff emphasizes that the conditions in the Yavapai detention center make it difficult to create legal correspondence, but he is making his best efforts. (Id. at 4.) However, Plaintiff expects that by January 2, 2020, he will be under conditions more amenable to prosecuting this matter. (Id.) Plaintiff further states that alternatively, he may be released from custody and his obligations to the Massachusetts court as there is a decision pending on his direct appeal in that matter. (Id.)

1  Plaintiff requests that the Court stay this matter pending a decision, and order a status report to
2  be filed on the date the decision comes down from the Massachusetts Appeals Court. (Id.)

3  Plaintiff also submitted proposed dates for discovery and other deadlines in this matter.
4  The Court has reviewed the respective dates offered by Plaintiff and Defendants, and given
5  Plaintiff's *pro se* and incarcerated status, the Court shall set later dates than those chosen by
6  Defendants when it issues the scheduling order. The Court will also set a deadline for
7  amendment of pleadings as requested by Plaintiff, despite Defendants' request to not set such
8  deadline at this point. (Resp. 7; ECF No. 39 at 6.) The Court shall issue the scheduling order in
9  this matter shortly after this order is entered.

10  Based on the foregoing, the order to show cause, filed on October 16, 2019, is HEREBY
11  DISCHARGED. Further, to the extent that Plaintiff is requesting a stay of this action until an
12  appeal in the Massachusetts Appeals Court is resolved, such request is DENIED.

IT IS SO ORDERED.

Dated: **November 26, 2019**

UNITED STATES MAGISTRATE JUDGE