# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROBERT LUCERO,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY ROBERT PENNELLA, et al.,<br><br>  Defendants. | Case No. 1:18-cv-01448-NONE-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION<br><br>(ECF Nos. 50, 52, 54) |

**I.**

**INTRODUCTION**

Manuel Robert Lucero ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that after transferring from Massachusetts to California to serve his post-conviction supervised release, he was improperly placed on parole rather than probation as ordered by the sentencing judge in Massachusetts, and that special conditions of parole were improperly applied to Plaintiff.

Currently before the Court is Defendants'[1] motion to compel Plaintiff to participate in a

---

[1] While Defendants' moving papers only refer to Defendants Hoffman and Rodriguez as the moving parties, Defendant Pennella filed a notice of joinder to the motion and joins in the motion to compel the deposition, or alternatively exclude Plaintiff's testimony. (ECF No. 54.) This appears to simply be an error of omission on the original motion, as the notice of taking Plaintiff's deposition did in fact specify that all three Defendants, Hoffman, Rodriguez, and Pennella, were noticing the deposition. (ECF No. 50-1 at 8.) The court reporter's affidavit of non-appearance also confirms that counsel present at the deposition appeared in the capacity of counsel for the three

deposition, or alternatively, exclude Plaintiff's testimony in all future proceedings. (ECF Nos. 50, 52, 54.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on July 22, 2020 will be vacated and the parties will not be required to appear at that time. For the reasons discussed herein, the Court shall grant Defendants' motion in part and order Plaintiff to appear for a deposition.

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37. Depositions are governed by Federal Rule of Civil Procedure 30, which states:

> **(a) When a Deposition May Be Taken.**
> **(1) *Without Leave*.** A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
> **(2) *With Leave*.** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> **(A)** if the parties have not stipulated to the deposition and:
> **(i)** the deposition would result in more than 10 depositions being taken under the rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> **(ii)** the deponent has already been deposed in the case; or
> **(iii)** the party seeks to take the deposition before the time specified in Rule 2(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
> **(B)** if the deponent is confined in prison.

Fed. R. Civ. P. 30. A party must obtain leave of court to conduct a deposition "if the deponent is

---

Defendants. (ECF No. 50-1 at 16-17.) The Court's reference herein to "Defendants" shall reference Defendants Hoffman, Rodriguez, and Pennella.

confined in prison." Fed. R. Civ. P. 30(a)(2)(B).  The "court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).

In determining whether to limit the extent of discovery, the court weighs the probative value of proposed discovery against its potential burden.  Fed. R. Civ. P. 26(b)(2)(C). Specifically, the court "must limit" discovery if it determines that:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can obtained from some other source that is more convenient, less burdensome, or less expensive;
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment.  Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. 340, 351 (1978).  Discovery is designed to help define and clarify the issues. Id.  Although relevancy is

broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

### III.

### DISCUSSION

Preliminarily, the Court shall note a previous instance where Plaintiff failed to communicate with the other parties and failed to appear for the mandatory scheduling conference held on October 15, 2019.  (ECF Nos. 39-40.)  The Court issued an order to show cause why sanctions should not be imposed, and Plaintiff filed a response detailing his traveling to a different family residence in Arizona, then surrendering into custody in Arizona.  (ECF Nos. 41, 43.)  The Court accepted Plaintiff's explanation given the circumstances of moving between family members and being subsequently incarcerated, and discharged the order to show cause. (ECF No. 45.)

Plaintiff last filed a notice of change of address with the Court on November 7, 2019, indicating he may be served at: Yavapai County Detention Center, 2830 N. Commonwealth Drive, Suite 105, Camp Verde, AZ 86322 (the "Yavapai Address").  (ECF No. 44.)  On March 11, 2020, prior to noticing Plaintiff's deposition, Defendants' counsel contacted the jail where Plaintiff was believed to be housed in order to determine whether the institution had videoconferencing equipment that could be accessed for the deposition.  (Mot. 4; Decl. K. Hammond Supp. Defs.' Mot. Compel Disc. ("Hammond Decl.") ¶ 3, ECF No. 52-1 at 1-3.) Counsel was advised by the records department of the institution that Plaintiff had been released from their custody, was no longer housed at the jail, and counsel was provided with Plaintiff's last known address: 17009 E. Duffers, Spring Valley, Arizona 86333 (the "Spring Valley Address").  (Mot. 4; Hammond Decl. ¶ 4.)  Counsel made arrangements with a court reporting service near Plaintiff's last known address "in an attempt to make it easier for Plaintiff to appear at the deposition."  (Hammond Decl. ¶ 5.)

On May 27, 2020, Defendants noticed Plaintiff's deposition to occur on June 16, 2020.[2]

---

[2] Defendants' briefing states the notice was sent on May 22, 2020 (Mot. 4), counsel's declaration states the notice was sent on May 26, 2020, the notice was signed by counsel on May 26, 2020, and the proof of service of the deposition notice states it was mailed on May 27, 2020.  (Mot. 4; Hammond Decl. ¶ 6; ECF No. 50-1 at 10.)

The notice of deposition was then sent to the address provided by the institution, the Spring Valley Address. (Mot. 4; Hammond Decl. ¶ 6; ECF No. 50-1 at 10.) Plaintiff failed to appear for the deposition on June 16, 2020, set to occur at 3030 North Third Street, Suite 200, Phoenix, Arizona 85012. (Mot. 4; ECF No. 50-1 at 16-17.)

Following the failure to appear, on June 18, 2020, Defendants' counsel sent a follow-up letter to Plaintiff directed at three different addresses: (1) the last known address provided by the institution, (the Spring Valley Address); (2) the address on file with the Court at the time (the Yavapai Address); and (3) the address of Plaintiff's mother's home, 925 Salem Drive, Hanford, California 93230 (the "Hanford Address"). (ECF No. 50-1 at 19-21.) As of the filing of the instant motion, Plaintiff has not responded to the follow-up letter. (Mot. 4; Hammond Decl. ¶ 16.)

Additionally, on June 17, 2020, the Court served an order substituting Defendants' attorney on Plaintiff by mail, and on July 7, 2020, the mailing was returned as undelivered. (ECF No. 47.) On July 7, 2020, using the address referenced in the proof of service of Defendants' motion to compel Plaintiff's deposition, the clerk's office updated Plaintiff's address to the Spring Valley Address, and then re-served the substitution of attorney form on Plaintiff. (ECF No. 53.) Plaintiff has not directly provided the Court with an updated address. The last mail was returned undelivered on July 7, 2020, and therefore under the Local Rules, Plaintiff must notify the Court and opposing parties within sixty-three (63) days thereafter of a new address or the Court may dismiss the action without prejudice for failure to prosecute. L.R. 183(b). As ordered below, if Plaintiff does not provide the Court with an updated address within sixty-three (63) days of July 7, 2020, or another response to this order, the Court will recommend dismissal of this action for failure to prosecute given the Plaintiff's repeated failure to communicate with the Court and the other parties in this action and update his address.

Turning to the Defendants' motion, Defendants seek an order compelling Plaintiff to appear for a deposition, or alternatively move to exclude any testimony by Plaintiff in future

---

Counsel correctly states the date of service is May 27, 2020, at a later point in briefing. (Mot. 5.) The Court shall use the apparent May 27, 2020 date. Further, it appears that the proof of service is blank on the line for a signature, although the declarant's name is typed into the other space. (ECF No. 50-1 at 10.)

5

filings, or at trial.[3]  (Mot. 4.)  Defendants argue that the date of service of the notice of deposition is the date of mailing, which is May 27, 2020, notifying Plaintiff that he was to appear for the deposition on June 16, 2020.  (Mot. 5; ECF No. 50-1 at 9-10.)  Defendants cite Rule 5 which states a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C)).  The Rule also provides that service is complete by "leaving it with the court clerk if the person has no known address."  Fed. R. Civ. P. 5(b)(2)(D).  While it was acceptable to mail the notice of deposition to the last known address provided by the correctional facility, the Court finds it would have been more prudent to additionally mail the notice of deposition to the address on file with the Court at the time despite the indication Plaintiff was no longer incarcerated there (the Yavapai Address), as that could be considered the last known address, as well as filing with the court clerk as indicated by Rule 5(b)(2)(C)-(D), given the address may have been considered unknown at that point.  Additionally, as noted above, it appears the proof of service of the notice of deposition is unsigned.  (ECF No. 50-1 at 10.)

Defendants argue that following notice of the deposition, Plaintiff did not proffer any opposition, nor seek a protective order.  (Mot. 4; Hammond Decl. ¶ 8.)  Defendants argue they were properly authorized to depose Plaintiff without leave of court as no exceptions existed under Rule 30(a)(2).  (Mot. 5.)  The Court notes that under Rule 30(a)(2)(B), a party must obtain leave of court to conduct a deposition "if the deponent is confined in prison."  Fed. R. Civ. P.

---

[3]  At one point in briefing, Defendants request that the Court order Plaintiff to pay the expenses of a deposition, stating: "Defendants Hoffman and Rodriguez now move to compel Plaintiff's deposition at his expense."  (Mot. 5.)  However, the notice of the motion only specifies Defendants are moving the Court "for an order compelling Plaintiff to participate in a deposition, or in the alternative, exclude Plaintiff's testimony in all future proceedings."  (ECF Nos. 50 at 1, 52 at 1.)  The only other mention of expenses in briefing is an aversion that it is proper to pay the expenses incurred by a party "on a person who impedes, delays or frustrates the fair examination of the deponent."  However in addition to the actual notice of motion not requesting expenses, all of the remaining direct requests for relief in the briefing exclude reference to expenses: "moving the Court for an order requiring Plaintiff to attend his deposition," (Mot. 4); "Defendants move the Court for an order compelling Plaintiff's attendance at this deposition," (Hammond Decl. ¶ 17); "Plaintiff failed to appear for his deposition, entitling Defendants to an order compelling him to submit to his deposition," (Mot. 5); "Defendants request that the Court compel Plaintiff to attend his deposition.," (Mot. 6); "Defendants Hoffman and Rodriguez move the Court for an order compelling Plaintiff to cooperate with discovery and attend his deposition," (Mot. 8.).

30(a)(2)(B).[4] While the Defendants did not seek leave of Court prior to contacting the detention facility to inquire of whether Plaintiff was still incarcerated, the Court finds it acceptable to notice the deposition without leave given the notification from the detention facility that Plaintiff was no longer incarcerated.  However, the Court notes that while Defendants contacted the facility and was notified of Plaintiff's release on March 11, 2020, Defendants did not send the notice of deposition until May 26, 2020, set to occur on June 16, 2020, with the non-expert discovery deadline expiring on July 24, 2020.  If Defendants had instead made a motion for leave to conduct the deposition prior to contacting the correctional institution, or filed some sort of notice or request to the Court indicating that Plaintiff was no longer incarcerated at the address on file with the Court and thus no longer needed leave to conduct such deposition, the Court would have been in a better position to clearly know Plaintiff had ample opportunity to obtain notice of the deposition and inform the Court or the parties of any change of address.  This consideration, in addition to not mailing the notice of deposition to the address on file with the Court at the time (the Yavapai Address), not filing the notice with the court clerk as indicated by Rule 5(b)(2)(C)-(D), and the fact that the proof of service of the notice of deposition appears to be unsigned (ECF No. 50-1 at 10), gives pause to the Court in considering the Defendants' lone aversion to requiring Plaintiff to pay the expenses of a future deposition, or granting the alternatively requested relief of wholly excluding Plaintiff's testimony in this action, given Plaintiff's *pro se* status and previously incarcerated status.

      Given all of the above facts, the Court shall grant Defendants' request to compel Plaintiff to appear for a deposition.  While Plaintiff's whereabouts are unknown at the time due to Plaintiff's failure to provide an updated address to the Court, to the extent Plaintiff may be incarcerated, the Court grants Defendants leave to conduct Plaintiff's deposition even if he is currently incarcerated. Fed. R. Civ. P. 30(a)(2). If Plaintiff fails to appear for the deposition, the Court shall issue sanctions, including the potential award of the costs of the deposition or excluding Plaintiff's testimony, or recommend dismissal of this action for failure to prosecute

---

[4] The Court has not located any caselaw providing that the term "prison" under the Rule delineates any special meaning that may distinguish certain correctional facilities as not a prison for purposes of the Rule.

7

and failure to comply with the Court's order.

Further, if Plaintiff's address is not updated with the Court within 63 days of the mail returned as undeliverable on July 7, 2020, the Court shall recommend dismissal of this action for failure to prosecute and failure to comply with the Court's order.[5]

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's deposition is GRANTED in part and DENIED in part;

2. The hearing on Defendants' motion to compel set for July 22, 2020, is VACATED, and the parties need not appear on such date;

3. Plaintiff must appear for and participate in a deposition on a date to be noticed by Defendants[6];

4. If Plaintiff fails to appear for the deposition, the Court shall impose appropriate sanctions, which could include the sanction of excluding Plaintiff from offering his testimony, or dismissal of this action; and

5. If Plaintiff's address is not updated with the Court within sixty-three (63) days of July 7, 2020, the Court shall recommend dismissal of this action.

IT IS SO ORDERED.

Dated:  **July 20, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[5] Although the Clerk of the Court took the proactive step of updating Plaintiff's address based on the proof of service attached to the Defendants' instant motion and re-served the last undelivered mail on July 7, 2020, the Court shall begin the 63-day period on the July 7, 2020 date. See L.R. 183(b) (stating the 63-day period to notify the Court and opposing parties of a current address begins after "mail directed to a plaintiff in propia persona by the Clerk is returned by the U.S. Postal Service.").

[6] To the extent the deposition date falls after the non-expert discovery deadline, the Court finds good cause to modify the November 27, 2019 scheduling order to allow for such deposition past the deadline.