1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROBERT LUCERO, | Case No.  1:18-cv-01448-NONE-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS |
| v. | |
| ANTHONY ROBERT PENNELLA, et al., | (ECF Nos. 56, 57, 58) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Manuel Robert Lucero ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint alleges that after transferring from Massachusetts to California to serve his post-conviction supervised release, he was improperly placed on parole rather than probation as ordered by the sentencing judge in Massachusetts, and that special conditions of parole were improperly applied to Plaintiff.

Currently before the Court is Defendants' motion to dismiss Plaintiff's claims due to Plaintiff's failure to participate in discovery and failure to comply with the Court's order compelling Plaintiff to do so.  (ECF Nos. 56, 57.)[1]  The Court held a hearing on the motion on

---

[1] While Defendants' moving papers only refer to Defendants Hoffman (erroneously sued as "Goffman") and Rodriguez as the moving parties, Defendant Anthony Pennella filed a notice of joinder to the motion, and joins in the motion to compel the deposition, or alternatively exclude Plaintiff's testimony.  (ECF Nos. 56, 57.)  The Court's

November 18, 2020, and Plaintiff failed to make an appearance.  (ECF No. 58.)  Plaintiff did not file any response to the motion prior to the hearing, has not attempted to contact the Court, and has failed to file a change of address with the Court.  For the reasons discussed herein, the undersigned recommends granting Defendants' motion for terminating sanctions.

## II.

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including: "(v) dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37; see also Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules.").

"The standards governing dismissal for failure to obey court orders are the same under Fed. R. Civ. P. 37(b)(2)(C) or 41(b)."  Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385, n.1 (9th Cir. 1988); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); but see Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("[W]here a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b).").

The Ninth Circuit has identified five factors that a court must consider before imposing

---

reference herein to "Defendants" shall reference the three remaining Defendants, Hoffman, Rodriguez, and Pennella. The Court notes that the original deposition notice that noticed the deposition for June 16, 2020, did in fact specify that all three Defendants, Hoffman, Rodriguez, and Pennella, were noticing the deposition.  (ECF No. 50-1 at 8.) The court reporter's affidavit of non-appearance dated June 16, 2020, also confirms that counsel present at the deposition appeared in the capacity of counsel for the three Defendants.  (ECF No. 50-1 at 16-17.)  However, the amended notice of deposition noticing the deposition for October 7, 2020, only refers to Defendants Hoffman and Rodriguez.  (ECF No. 56 at 11.)  The affidavit of nonappearance dated October 7, 2020, does not specifically reference any Defendant.  (ECF No. 56 at 15.)

the sanction of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Toth, 862 F.2d at 1385. The Ninth Circuit has stated that when considering "case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth . . . [and] regarding risk of prejudice and of less drastic sanctions . . . whether the discovery violations 'threaten to interfere with the rightful decision of the case.' " Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007) (quoting Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096.

**III.**

**DISCUSSION**

Defendants move the Court pursuant to Federal Rule of Civil Procedure 37 to dismiss Plaintiff's claims, arguing Plaintiff has refused to participate in discovery and has failed to comply with the Court's order compelling such discovery. (Defs.' Mot. Terminating Sanctions & Mem. P. & A. ("Mot.") 1, ECF No. 56.)  Specifically, on July 20, 2020, in response to Defendants' motion to compel Plaintiff's attendance at a deposition, the Court ordered Plaintiff to participate in Defendants' noticed deposition. (ECF No. 50, 55.)  On September 4, 2020, Defendants noticed Plaintiff's deposition for a second time, to occur on October 7, 2020, however, Plaintiff failed to appear. (Mot. 2.)

**A.     Background**

Preliminarily, although not raised in briefing, the Court will highlight a previous instance where Plaintiff failed to communicate with the other parties and failed to appear for the mandatory scheduling conference held on October 15, 2019. (ECF Nos. 39, 40.)  The Court issued an order to show cause why sanctions should not be imposed, and Plaintiff filed a response detailing his traveling to a different family residence in Arizona, then surrendering into

custody in Arizona.  (ECF Nos. 41, 43.)  The Court accepted Plaintiff's explanation given the circumstances of moving between family members and being subsequently incarcerated, and on November 27, 2019, the Court discharged the order to show cause.  (ECF No. 45.)  Plaintiff last filed a notice of change of address with the Court on November 7, 2019, indicating he may be served at: Yavapai County Detention Center, 2830 N. Commonwealth Drive, Suite 105, Camp Verde, AZ 86322 (the "Yavapai Address").  (ECF No. 44.)  This was the last filing by Plaintiff in this action.

Prior to noticing Plaintiff's June 16, 2020 deposition, Defendants' counsel contacted the jail where Plaintiff was believed to be housed in order to determine whether the institution had videoconferencing equipment that could be accessed for the deposition.  (Mot. 3.)  Counsel was advised by the institution that Plaintiff had been released from their custody, was no longer housed at the jail, and counsel was provided with Plaintiff's last known address: 17009 E. Duffers, Spring Valley, Arizona 86333 (the "Spring Valley Address").  (Mot. 3; see also Decl. K. Hammond Supp. Defs.' Mot. Compel Disc. ("Hammond Decl.") ¶ 3, ECF No. 52-1 at 1-3.) On May 27, 2020, Defendants noticed Plaintiff's deposition to occur on June 16, 2020.[2]  The notice of deposition was sent to the address provided by the institution, the Spring Valley Address.  (Mot. 3; Hammond Decl. ¶ 6, ECF No. 52-1 at 2; ECF No. 50-1 at 10.)  Plaintiff failed to appear on June 16, 2020, at the location noticed for the deposition.  (Mot. 3; Hammond Decl. ¶ 10, ECF No. 52-1 at 2; ECF No. 50-1 at 15-17.)

On June 17, 2020, the Court served an order substituting Defendants' attorney on Plaintiff by mail.  (ECF No. 47.)  Due to Plaintiff's failure to appear at the June 16, 2020 deposition, on June 18, 2020, Defendants' counsel sent a follow-up letter to Plaintiff asking him to contact counsel about setting up a date and time for taking the deposition, and the letter was directed at three different addresses: (1) the last known address provided by the institution, (the

---

[2] Defendants' briefing states the notice was sent on May 22, 2020 (Mot. 3), however, counsel's declaration attached to the previous motion to compel states the notice was sent on May 26, 2020, the notice was signed by counsel on May 26, 2020, and the proof of service of the deposition notice states it was mailed on May 27, 2020.  (Mot. 3; Hammond Decl. ¶ 6, ECF No. 52-1 at 2; ECF No. 50-1 at 10.)  Further, it appears that the proof of service is blank on the line for a signature, although the declarant's name is typed into the other space.  (ECF No. 50-1 at 10.)  The Court noted these discrepancies in the previous order granting in part and denying in part Defendants' motion to compel Plaintiff's deposition.  (ECF No. 55 at 4-5.)

Spring Valley Address); (2) the address on file with the Court at the time (the Yavapai Address); and (3) the address of Plaintiff's mother's home, 925 Salem Drive, Hanford, California 93230 (the "Hanford Address").  (Mot. 3; ECF No. 50-1 at 19-21.)  Plaintiff did not respond to the letters.  (Mot. 3; Hammond Decl. ¶¶ 11-16, ECF No. 52-1 at 2-3.)

On July 7, 2020, Defendants filed a motion for an order compelling Plaintiff's attendance at his deposition, or in the alternative, prohibiting Plaintiff's testimony in further proceedings. (ECF No. 52.)  On the same date, the order substituting Defendants' attorney mailing was returned as undelivered, and additionally, using the address referenced in the proof of service of Defendants' motion to compel Plaintiff's deposition, the Clerk's Office for this Court updated Plaintiff's address to the Spring Valley Address, and then re-served the substitution of attorney form on Plaintiff.  (ECF No. 53.)

On July 20, 2020, the Court granted in part and denied in part Defendants' motion for an order compelling Plaintiff's deposition.  (ECF No. 55.)  As stated in the order, the last mail directed to Plaintiff was returned undelivered on July 7, 2020, and therefore under the Local Rules, Plaintiff was required to notify the Court and opposing parties within sixty-three (63) days thereafter of a new address.  (ECF No. 55 at 5.)  The Court's order warned Plaintiff that if he did not provide the Court with an updated address within sixty-three (63) days of July 7, 2020, or otherwise respond to the Court, the Court would recommend dismissal of this action for failure to prosecute given the Plaintiff's repeated failure to communicate with the Court and the other parties in this action, and update his address.  (Id. at 5, 8.)  The Court also ordered Plaintiff to appear for and participate in a deposition on a date to be noticed by Defendants, and specifically warned Plaintiff that if he failed to appear for the deposition, the Court would impose appropriate sanctions, including possibly dismissing this action.  (Id. at 8.)

Following the Court's July 20, 2020 order, Defendants noticed Plaintiff's deposition for October 7, 2020, and Plaintiff again failed to appear.  (Mot. 4; Exs. A-B, ECF No. 56 at 10-15.)

**B.    The Factors Weigh in Favor of Dismissal as a Sanction**

Again, the Court is to weigh the following five factors in considering the sanction of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

1.    The First and Second Factors Weigh in Favor of Dismissal

Defendants argue that the first and second factors weigh in favor of dismissal for the following reasons: the action has "languished" since the scheduling order issued on November 27, 2019; Defendants have exerted considerable time and effort in tracking Plaintiff to the jail in Arizona; upon his release from jail, Plaintiff failed to provide the Court with an updated address, and Defendants were again required to track down Plaintiff's last known address; "Defendants then served a deposition notice to Plaintiff at three separate addresses, noting that the deposition was to take place on June 16, 2020"[3]; Plaintiff did not appear for that deposition; and finally, after the Court ordered Plaintiff to appear for a deposition and a second deposition was set for October 7, 2020, Plaintiff again failed to appear.  (Mot. 4.)  Defendants argue that Plaintiff has failed to participate in discovery, failed to comply with the Court's orders, failed to file any documentation as to why he cannot appear for a deposition, and district courts find similar circumstances justify dismissal.  (Mot. 5.)

The Court agrees with Defendants.  Plaintiff has failed to abide by the Court's discovery orders, failed to appear for two depositions, failed to provide the Court or Defendants with a new contact address, and Plaintiff has not submitted any responsive filing to the previous motion to compel his deposition, nor to this motion for terminating sanctions.  The Court finds factors (1) and (2)—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  See Bradford v. Marchak, No. 114CV1689LJOBAMPC, 2018 WL 3046974, at *5 (E.D. Cal. June 19, 2018) (recommending granting motion for terminating sanctions and dismissal, noting "Plaintiff's pro se status does not

---

[3] The Court notes that Defendants' statement here appears incorrect, as while there is evidence that follow-up letters were sent to Plaintiff at the three different addresses after the June 2020 deposition date (Mot. 3; ECF No. 50-1 at 19-21), counsel's previous declarations only state that the notice of deposition was sent to the last known address, the Spring Valley Address (Hammond Decl. ¶¶ 4-6, ECF Nos. 50-1 at 13, 52-1 at 2), and the proof of service for the June 2020 deposition only references the Spring Valley Address (ECF No. 50-1 at 10).

6

1  excuse intentional noncompliance with discovery rules and court orders"), <u>report and</u>
2  <u>recommendation adopted,</u> No. 114CV1689LJOBAMPC, 2018 WL 10923433 (E.D. Cal. July 9,
3  2018).); <u>Sanchez</u>, 298 F.R.D. at 464 (granting motion for terminating sanctions where plaintiff
4  failed to respond to interrogatories, failed to respond to defense counsel's letter extending
5  plaintiff's time to respond to the interrogatories, requiring defendants to file a motion to compel,
6  then after the court granted a motion to compel and warned plaintiff that further noncompliance
7  could result in the imposition of sanctions, including dismissal, plaintiff responded only by
8  requesting more time, offering no excuse for his previous noncompliance except the fact that he
9  was incarcerated and lacked funds); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir.
10 1987) (Where plaintiff failed to comply with pretrial order to present line of questioning for
11 witnesses, finding it "clear that these two factors support the district court's decision to dismiss
12 [as the] dilatory conduct greatly impeded resolution of the case and prevented the district court
13 from adhering to its trial schedule.").

14        2.     <u>The Third Factor Weighs in Favor of Dismissal</u>

15        The Court is to next weigh the risk of prejudice to the Defendants.  <u>Henderson</u>, 779 F.2d
16 at 1423.  "In determining whether a defendant has been prejudiced, we examine whether the
17 plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the
18 rightful decision of the case."  <u>Malone</u>, 833 F.2d at 131 (finding failure to comply with pretrial
19 order more than 30 days before trial date was "no doubt . . . [a] last-minute notification of her
20 decision not to comply with the pretrial order [and] had a prejudicial effect on the
21 Government.").  The Ninth Circuit has stated "where a court order is violated, factors 1 and 2
22 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and
23 availability of less drastic sanctions, are decisive."  <u>Valley Engineers Inc. v. Elec. Eng'g Co.</u>, 158
24 F.3d 1051, 1057 (9th Cir. 1998).

25        Defendants argue that given Plaintiff has ignored multiple notices setting his deposition,
26 the motion to compel his deposition, and the Court's order regarding such, Plaintiff's continued
27 thwarting of his obligations to participate in discovery warrants dismissal as to avoid additional
28 time and resources in pursuing discovery or filing a dispositive motion.  (Mot. 6.)

1    The Court finds Plaintiff's repeated failures to comply with discovery, or provide an

2  updated address, have caused unreasonable delay to this litigation. <u>See</u> <u>Henderson</u>, 779 F.2d at

3  1423 ("*Unreasonable* delay creates a presumption of injury to the defense.") (emphasis added);

4  <u>but see</u> <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A defendant

5  suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten

6  to interfere with the rightful decision of the case . . . Delay alone has been held to be insufficient

7  prejudice . . . [but] [f]ailure to produce documents as ordered, however, is considered sufficient

8  prejudice.").   Given all the facts surrounding Plaintiff's failures to comply with discovery

9  obligations, and Plaintiff's failure to respond to the previous motion to compel and failure to

10  respond to the instant motion, the Court finds the risk of prejudice to Defendants weighs in favor

11  of dismissal.  <u>See</u> <u>Kirkelie v. Thissell</u>, No. 115CV00735DADSABPC, 2018 WL 1272227, at *2

12  (E.D. Cal. Mar. 9, 2018) ("Defendants have suffered prejudice due to Plaintiff's failure to

13  respond to discovery requests [as] [t]he failure to obtain discovery information significantly

14  impairs the Defendants' ability to go to trial and to determine whether Plaintiff has adequately

15  exhausted administrative remedies and to make rightful and informed decisions as to whether

16  this affirmative defense should be explored [and the] failure to respond to discovery has created

17  an unreasonable delay, which in turns creates a presumption of prejudice [while] the additional

18  efforts to obtain discovery responses required Defendants to incur expenses that would not

19  otherwise have been incurred had Plaintiff responsibility cooperated."); <u>Adriana Int'l Corp.</u>, 913

20  F.2d at 1412 (finding the repeated failure to appear at scheduled depositions compounded by

21  refusal to comply with court-ordered production of documents constituted interference with the

22  rightful decision of the case, and therefore prejudice was established); <u>Chism v. Nat'l Heritage</u>

23  <u>Life Ins. Co.</u>, 637 F.2d 1328, 1331 (9th Cir. 1981) ("Chism or his attorneys continually flouted

24  discovery rules, failed to comply with pretrial conference obligations, and repeatedly violated the

25  local rules of court . . . Plaintiff's misconduct prejudiced his opponent, violated important

26  policies designed to insure efficiency in legal proceedings at the trial court level and persisted to

27  the very end.").

28  / / /

1           3.     <u>The Fourth Factor Weighs in Favor of Dismissal</u>

2          The Court is to next weigh the public policy favoring disposition of cases on their merits.

3 <u>Henderson</u>, 779 F.2d at 1423.  As Defendants acknowledge, the public policy favoring merit-

4 based dismissals essentially always weighs against terminating sanctions.  <u>See, e.g.</u>, <u>Pagtalunan</u>

5 <u>v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the

6 merits.  Thus, this factor weighs against dismissal.").  However, this factor is not dispositive.

7 <u>See, e.g.</u>, <u>In re Eisen</u>, 31 F.3d 1447, 1454 (9th Cir. 1994) ("Although there is indeed a policy

8 favoring disposition on the merits, it is the responsibility of the moving party to move towards

9 that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics . . .

10 [plaintiff] certainly has not fulfilled his responsibility [and] [t]hus, the public policy favoring the

11 resolution of disputes on their merits does not outweigh [the] four-year delay or the prejudice

12 suffered.") (internal quotation marks and citations omitted).

13          While this factor weighs against dismissal, as explained herein, on balance, the totality of

14 the circumstances and the other factors weigh in favor of dismissal of the action.  <u>See In re</u>

15 <u>Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) ("We have

16 often said that the public policy favoring disposition of cases on their merits strongly counsels

17 against dismissal . . . [but] [a]t the same time, a case that is stalled or unreasonably delayed by a

18 party' s failure to comply with deadlines and discovery obligations cannot move forward toward

19 resolution on the merits [and] [t]hus, we have also recognized that this factor 'lends little

20 support' to a party whose responsibility it is to move a case toward disposition on the merits but

21 whose conduct impedes progress in that direction.") (internal citations omitted).

22           4.     <u>The Fifth Factor Weighs in Favor of Dismissal</u>

23          The Court is to next weigh the availability of less drastic sanctions.  <u>Henderson</u>, 779 F.2d

24 at 1423.  "The district court need not exhaust every sanction short of dismissal before finally

25 dismissing a case, but must explore possible and meaningful alternatives."  <u>Id.</u> at 1424; <u>but see</u>

26 <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 132 (9th Cir. 1987) ("We have indicated a preference

27 for explicit discussion by the district court of the feasibility of alternatives when ordering

28 dismissal . . . However, we have never held that explicit discussion of alternatives is *necessary*

1  for an order of dismissal to be upheld [and] [u]nder the egregious circumstances present here,

2  where the plaintiff has purposefully and defiantly violated a court order, it is unnecessary

3  (although still helpful) for a district court to discuss why alternatives to dismissal are

4  infeasible.").  "Moreover, explicit discussion of alternatives is unnecessary if the district court

5  actually tries alternatives before employing the ultimate sanction of dismissal."  Malone, 833

6  F.2d at 132.  "Finally, the case law suggests that warning a plaintiff that failure to obey a court

7  order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement."

8  Id. (collecting cases).

9       Defendants argue that in addition to the notice provided expressly in Federal Rule of

10  Civil Procedure 37, this Court has explicitly granted Plaintiff an additional opportunity to

11  participate in a deposition following his initial failure to appear, and in the previous order

12  granting Defendants' motion to compel, the Court expressly warned Plaintiff that his failure to

13  comply with the Court order and appear for a deposition, and failure to update his address and

14  prosecute this action, could result in dismissal of this action.  (ECF No. 55 at 7-8.)

15       The Court finds that through the Court's previous order declining to impose sanctions

16  and ordering Plaintiff to appear for a deposition, and explicit warning to Plaintiff that the failure

17  to comply could result in dismissal of this action, this Court has considered alternatives.

18  Additionally, the Court finds other alternatives to not be a feasible remedy at this point.  If

19  Plaintiff had filed a response to the previous motion to compel, a response to this motion for

20  terminating sanctions, filed a change of address form, or appeared at the hearing held on

21  November 18, 2020, the Court could be in a better position to potentially consider whether less

22  drastic sanctions are warranted.  As evidenced by the record in this case, Plaintiff's inaction and

23  failure to abide by his discovery obligations demonstrate he has abandoned this litigation and it

24  is reasonable to dismiss the action, in lieu of lesser sanctions.  The Court finds this factor weighs

25  in favor of dismissal.

26       5.   The Factors Collectively Weigh in Favor of Dismissal

27       In sum, the five factors favor dismissal in this case.  Plaintiff has failed to appear for two

28  depositions, failed to provide an updated address to the Court, has ignored the Court's July 20,

1   2020 order to submit for a deposition despite the warning of potential dismissal for failure to

2   comply, and the Court finds that Plaintiff has abandoned this litigation.   The undersigned

3   recommends that dismissal, with prejudice, is justified.   See Pagtalunan, 291 F.3d at 643

4   (affirming district court's dismissal where three factors weighed in favor of dismissal, and two

5   factors weighed against dismissal); Scott v. Belmares, No. CV99-12458GAF(AJW), 2008 WL

6   2596764, at *7 (C.D. Cal. Apr. 30, 2008) ("The five-factor test is a disjunctive balancing test, so

7   not all five factors must support dismissal . . . [f]our of the five factors strongly support dismissal

8   in this case . . . the record supports the conclusion that plaintiff's noncompliance with court rules

9   and orders was willful and unjustified [and thus] [t]he terminating sanction of dismissal with

10  prejudice is warranted under Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure and

11  this court's Local Rules."), report and recommendation adopted, No. CV99-12458GAF(AJW),

12  2008 WL 2596659 (C.D. Cal. June 27, 2008), aff'd, 328 F. App'x 538 (9th Cir. 2009).

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendants' motion for terminating sanctions be GRANTED; and

2.    This action be dismissed, with prejudice, for failure to comply with discovery obligations, failure to comply with Court orders, failure to prosecute, and failure to provide an updated address to the Court.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 19, 2020**

UNITED STATES MAGISTRATE JUDGE